[No. 3076.   Decided December 14, 1900.]

W. W. KIMBALL COMPANY, *Appellant*, v. H. N. COCK-
RELL, *Respondent*.

CONTRACT OF GUARANTY—EXCLUSION OF EVIDENCE—HARMLESS
ERROR.

In an action upon a contract of guaranty of payment given
by defendant to plaintiff, upon the sale of a piano to a third
person, the rejection of a general contract showing that de-
fendant had agreed to guaranty the payment of the price of all
pianos shipped by plaintiff to him for sale is harmless error,
when the particular contract of guaranty in suit has been ad-
mitted in evidence.

SAME—CONSIDERATION—QUESTION FOR JURY.

The action of the court in taking a case from the jury on
the ground that no consideration had been proven for the guar-
anty of payment given by defendant upon a sale of a piano for
plaintiff, was error, when the evidence showed that the piano had
been "invoiced" to defendant and that plaintiff had credited de-
fendant's unpaid account upon the receipt of the guaranty in
suit.

SAME—BURDEN OF PROOF.

In an action upon an absolute guaranty of payment of a con-
tract for the sale of a piano, which had been assigned by de-
fendant to plaintiff, the action of the court was erroneous in
taking the case from the jury for failure of plaintiff to show
affirmatively what disposition had been made of certain notes
referred to in the contract, when there was neither pleading nor
proof that such notes had ever been in plaintiff's possession.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge.   Reversed.

*Jerry E. Bronaugh,* for appellant.

The opinion of the court was delivered by

ANDERS, J.—This is an action on a guaranty.   The
plaintiff, in its complaint, alleges that on or about Novem-

34—23 WASH.

ber 3, 1893, one T. C. Griffitts executed and delivered to defendant (respondent here) a certain contract in writing, wherein and whereby said Griffitts promised to pay the defendant the sum of four hundred dollars, in certain installments payable at certain times, with interest thereon from maturity at the rate of ten per cent. per annum; that for value received the defendant, H. N. Cockrell, doing business as H. N. Cockrell & Co., assigned said contract to the plaintiff (appellant), and by indorsement on the back of said contract in writing guaranteed the payment of the obligations therein set out when due, with interest, waiving notice of non-payment, demand, and protest, and suit against the signer. It is further alleged that only a certain designated part of said sum so promised in said contract was paid, and plaintiff demands judgment against said Cockrell, by reason of said guaranty, for the sum alleged to be due and unpaid. The defendant, in his answer, denies the execution of the contract by Griffitts, its indorsement by himself, and that there is anything due thereon; and by way of first affirmative defense alleges that the guaranty mentioned in the complaint was and is wholly without consideration, illegal, and void. And for a further affirmative defense the defendant sets forth a copy of the contract mentioned in the complaint, and alleges, in effect, that the plaintiff herein sued the said T. C. Griffitts upon said contract and attempted to foreclose the same upon his piano therein mentioned, and such proceedings were had that final judgment was rendered in the superior court in favor of said Griffitts and against said plaintiff, and that said judgment was never appealed from by said plaintiff and remained in full force and effect, and all of the questions involved in said obligation and contract were finally determined and adjudged in favor of the said Griffitts and against said defendant.

The plaintiff, in its reply, denies each and every allegation of the defendant's first affirmative defense, and alleges affirmatively that plaintiff took said guaranty from the defendant in payment of the purchase price of the piano described in the contract in defendant's answer, which piano was sold by plaintiff to defendant; and for a further reply the plaintiff denies generally the allegations of the second paragraph of defendant's second affirmative defense. This latter denial controverts only that part of defendant's second affirmative defense which relates to the alleged suit by plaintiff against Griffitts.. Upon the issues raised by the pleadings, the cause proceeded to trial; and at the close of the plaintiff's evidence the defendant, pursuant to § 4994 of Ballinger's Code, challenged the sufficiency of the evidence, which challenge the court sustained, and thereupon discharged the jury. A motion for a new trial was denied, and the court, over the objection of plaintiff, entered judgment that the plaintiff take nothing by said suit and that defendant do have and recover from plaintiff his costs, taxed at $23. From this judgment the plaintiff has appealed.

We have not had the benefit of an argument on behalf of the respondent, as he has filed no brief in this court. Upon the trial the appellant offered in evidence the deposition of one Charles C. Dunbar, taken by a notary public in the city of Chicago, in pursuance of a commission granted by the superior court in and for Spokane county. This deposition was taken upon written interrogatories attached to the commission. Error is assigned on the refusal of the court to admit interrogatories numbered 4, 5, 6 and 7, and the answers thereto, in evidence. Interrogatories numbered 1, 2 and 3, and the answers given by the witness, were admitted in evidence, and in response to the questions therein propounded to the witness he tes-

tified that he resided in Chicago and was bookkeeper for
W. W. Kimball Co., and had been in their employ sixteen
years and had general charge of their accounts and con-
tracts; that on or about November 3, 1893, W. W. Kim-
ball Co. had a contract with the defendant for the sale
of said W. W. Kimball Co.'s merchandise in Spokane, and
that said contract was in writing. The appellant then
offered interrogatory No. 4. with the answer thereto,
which were as follows: "Int. 4. If written, attach said
contract to your deposition. Answer. I have done so,
marking the same 'Exhibit B.'" This interrogatory was
objected to by the respondent as incompetent, irrelevant,
and immaterial, and the objection was sustained, and an
exception allowed. The same objection was made to in-
terrogatories No. 5, 6 and 7, respectively, and sustained by
the court. It appears from those interrogatories that
appellant sought to prove, by the witness to whom they
were propounded: (1) The period of time over which
the contract mentioned in the answer to interrogatory No.
2 extended; (2) That under the terms of said contract said
Kimball Company consigned to the respondent a certain
Hallett & Davis piano, style 31, No. 37838; and (3) that
under the terms of said contract the appellant company
received from the respondent the guaranteed contract be-
tween the respondent and Griffitts, which was admitted in
evidence. Of course, it was necessary for the appellant,
in order to maintain its action against the respondent, to
prove that the latter had guaranteed the payment of the
money agreed to be paid by Griffitts in his contract with
the respondent. And the object which appellant had in
view, if we understand it, in offering in evidence the
contract between appellant and the respondent, which was
attached to the deposition and rejected by the court, was to
show that, at the time of the alleged guaranty, there was

an agreement between the appellant and the respondent whereby the appellant agreed to ship its goods to the respondent and permit him to sell the same on time, when deemed desirable, taking from the purchasers written contracts to pay, which contracts were to be indorsed by the respondent and payment of the same guaranteed, in consideration of respondent's having the exclusive right to sell appellant's goods (pianos) in Spokane, and at a higher price than that paid therefor. The fact that the respondent had agreed with the appellant to sell the merchandise shipped to him by appellant and guarantee the payment of all contracts taken from his purchasers, would, if established, have tended, to some extent at least, to prove that the respondent guaranteed the particular contract in question in the case at bar. Proof of this general contract would have at least shown a probability that the respondent acted under it in dealing with the particular contract alleged to have been guaranteed by him. And, if this view is correct, it follows that the agreement offered in evidence should not have been rejected *on the ground of irrelevancy*, whatever other objections might have been urged against it. But, be that as it may, the error of the court, if such it was, in rejecting the contract and the interrogatories relating thereto, above mentioned, worked no substantial prejudice to the appellant. The execution by the respondent of the guaranty sued on was shown by direct evidence, and the contract between Griffitts and the respondent, upon the back of which the assignment and guaranty were written, was admitted in evidence. In fact, it was set forth in respondent's answer, and its execution was thereby admitted.

According to the certified statement of facts, the learned trial court took the case from the jury, for the alleged reasons: (1) That no consideration had been shown for

the alleged guaranty; and (2) that it was incumbent upon the plaintiff (appellant), in order to make out a case, to show what disposition had been made of the notes referred to in the contract, payment of which the defendant (respondent) is alleged to have guaranteed. As to the first proposition, we are clearly of the opinion that there was sufficient evidence of consideration to require the submission of the question to the jury. The witness Dunbar positively testified that the consideration for the guaranty on the contract marked "Exhibit A" (the contract admitted in evidence) was a credit given by the Kimball Company upon the respondent's unpaid account, giving the amount of the same, and stating that the piano described in interrogatory No. 5 (which is the piano mentioned in the guaranteed contract) was "invoiced" to the respondent on April 11, 1891; and the respondent, by challenging the legal sufficiency of this evidence, necessarily admitted it to be true. The conclusion of the learned trial court that it was incumbent upon the appellant, in order to make out a case, to show what disposition had been made of the notes mentioned in the contract alleged to have been guaranteed, was, in our judgment, also erroneous. In the first place, there is no evidence in the record that any such notes were ever in the possession of the appellant; and, in the second place, the guaranty was absolute in terms and imposed no such obligation upon the appellant as that indicated by the court. The respondent, according to the evidence, not only guaranteed the *payment* of the contract assigned to the appellant, but expressly waived "notice of non-payment, demand, and protest, and suit against the signer."

For the reasons indicated, the judgment is reversed and the cause remanded for a new trial.

DUNBAR, C. J., and REAVIS, J., concur.