[No. 15038.    Department Two.   January '10, 1919.]

# W. B. REEVES, *Respondent*, v. J. T. WILSON, *Appellant*.[1]

APPEAL (173)—TIME FOR TAKING — MOTION FOR NEW TRIAL.  A motion for new trial suspends the effect of the judgment and time for taking an appeal cannot be curtailed by entry of a *nunc pro tunc* order denying the new trial.

PHYSICIANS AND SURGEONS (10-1, 11)—NEGLIGENCE—EVIDENCE—SUFFICIENCY.  A recovery for negligence in doing dental work is sustained by evidence that the work was to be done to plaintiff's satisfaction, there was some evidence of negligent work, and he refused to correct it upon complaints made.

SAME (12)—NEGLIGENCE—INSTRUCTIONS.  In an action for malpractice by a dentist, in which the patient later contracted blood poisoning not attributable to the teeth, an instruction is favorable to the defendant where it charges that, if the plaintiff was suffering from a diseased condition which the injury aggravated, he was entitled to recover all damages actually flowing from the injury, except such as must have followed in case the defendant's negligence had not intervened.

SAME (13)—NEGLIGENCE—MEASURE OF DAMAGES.  In an action for malpractice by a dentist, the measure of damages is actual compensation for loss and suffering caused by the negligent performance of the work, and not recovery of the expense of replacing it.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered October 18, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Zent & Powell,* for appellant.

*C. E. H. Maloy,* for respondent.

HOLCOMB, J.—In the early part of 1916, respondent noticed in a paper appellant's advertisement guaranteeing dental work. Respondent went to appellant's office and appellant, he claims, orally agreed that he

[1]Reported in 177 Pac. 825.

would guarantee his work as being performed in a skillful, competent, and careful manner and to the satisfaction of respondent; that, in event any of the work should prove unsatisfactory or to have been done in an unskillful, incompetent, or careless manner, appellant would replace any work done, or repair and do over such work as might have been improperly performed. Appellant did certain work for respondent, including the placing of a three-tooth bridge upon his upper left bicuspids, with a dummy tooth anchored from one side. The other allegations of the complaint the court withdrew from the jury, thus leaving nothing involved in this action except matters relating to this particular bridge. Respondent claims that, from May, 1916, after the work was performed, the bridge caused soreness, and he made immediate complaints to appellant, who informed him that it was a tenderness which he would have to get used to. The following summer, while respondent was in Seattle, he contracted blood poisoning in his hand, not attributable to the teeth, and returned to Spokane to be treated, but not having serious trouble with his teeth, did not call on the appellant or ask him to repair or replace any work under the terms of the agreement. After this blood poisoning occurred, respondent lost weight and had more serious trouble with his teeth. He returned to Spokane in the spring of 1917, called on the appellant twice, and claims that he demanded that the appellant replace or repair the bridge, but was refused. Appellant testified that respondent was violent, disorderly, and profane, and that he refused to talk with him until he would conduct himself in a proper manner. Respondent had paid appellant $30 for the dental work of placing a three-cap bridge in respondent's lower right jaw and a three-cap bridge

in his upper left jaw. After the last altercation with appellant, respondent went to Dr. Reed to have the bridge removed and his teeth treated.

Respondent brought this action against appellant, which resulted in a verdict for $200 in his favor.

At the threshold we are confronted with a motion to dismiss the appeal for the reason that it was not taken within ninety days from the entry of judgment. It appears that the judgment was signed and filed on October 18, 1917. The order denying the motions for judgment notwithstanding the verdict and for a new trial was signed and filed with the clerk October 30, 1917. The superior court journal for Tuesday, October 30, 1917, has the following:

"No. 54179. W. B. Reeves, plaintiff, vs. J. T. Wilson, defendant. Order signed denying motion for new trial and for judgment notwithstanding the verdict and same signed as of the 16th of October.

"Signed ........................................, Judge."

The motion for a new trial suspends the effect of the judgment until after the determination of the motion and filing of the order denying the motion. An appellant cannot be deprived of his right of appeal by the entry of a *nunc pro tunc* order. If this were not so, he could be deprived of his right of appeal by the court taking under advisement the determination of a motion for new trial for a period of ninety days or longer, and then entering a *nunc pro tunc* order. The motion to dismiss the appeal is denied.

Appellant assigns that the court erred, (1-2) in denying appellant's motions for judgment notwithstanding the verdict and for a new trial; (3 and 5) in giving instructions Nos. 21 and 22; (4) in refusing to give defendant's requested instruction No. 6; (6) in denying appellant's motion to strike from the amended and supplemental complaint.

This case belongs to a different class from the cases of *Lorenz v. Booth,* 84 Wash. 550, 147 Pac. 31, and *Dahl v. Wagner,* 87 Wash. 492, 151 Pac. 1079, and is more nearly parallel to the case of *Swanson v. Hood,* 99 Wash. 506, 170 Pac. 135, where this court distinguished the two classes of cases as follows:

"But there is an obvious distinction between a claim of negligence in the choice of methods of treatment and a charge of negligence in the actual performance of the work or treatment after such choice is made. As to the first, the charge is refuted, as a matter of law, by showing that a respectable minority of expert physicians approved of the method selected, thus taking the case from the jury. As to the second—a charge of negligent performance—where there is any evidence tending to show such negligence the case is for the jury, as in other cases of negligence, whenever upon the evidence the minds of reasonable men might differ. We think the case here falls within the latter category. There was evidence that appellant admitted to respondent, respondent's wife, his mother-in-law and his clerk that he drilled the holes in the bone too large for the screws used in placing the plate, and, for that reason, wrapped the plate and the bone with a wire, and that the wire caused the trouble. There was also evidence that, in removing the wire, appellant used great force, and in removing the plate splinters of bone were pulled away. True, this use of excessive force was controverted by appellant and some of his witnesses, but the conflict made a question for the jury."

There is some evidence in this case tending to show that appellant was negligent in the manner of executing the work he contracted to perform: (1) In constructing the bridge so that the false tooth occluded with the molars below; (2) in constructing the bridge so as to permit a shoulder at the gum margin on one of the bicuspids; (3) in placing a bridge with great

11—105 WASH.

leverage on respondent's teeth; and (4) in constructing the bridge upon the upper left bicuspids of respondent with a view of thereafter placing a bridge upon the lower left bicuspids, when there was no contract between appellant and respondent for building the lower bridge. Appellant's conduct in doing the work under such circumstances would be unwarranted and wrongful. The case was submitted to the jury on the theory that appellant had breached the contract in not having performed it to the entire satisfaction of respondent, and had performed the contract in a careless and negligent manner. Respondent complained from the time the bridge was placed on his bicuspids until it was removed. Appellant agreed to do the work to the entire satisfaction of respondent, but when respondent complained, appellant evaded him by telling him that it was a tenderness which he would have to get used to, and later refused to correct or replace it. Appellant, learning that respondent had contracted blood poisoning several months after the injury, attributed the damage to respondent's teeth to the blood poisoning instead of defective work.

Appellant contends that he sustained prejudice by the giving of instruction No. 21. A careful examination of this instruction—That, if the jury found from the evidence ''that plaintiff at the time was suffering from a diseased condition and such injury aggravated and accelerated such condition, then the plaintiff is entitled to recover all damages which actually flowed from the injury, except such as must have followed if such unskillfulness, incompetency, carelessness, or negligence of the defendant had not intervened,'' shows it to be favorable to appellant.

It is clear from this instruction that respondent could not recover for anything except the damage suffered because of appellant's carelessness and negli-

gence. It expressly excluded from the consideration of the jury any damage which the respondent may have suffered because of blood poisoning.

Appellant seeks to place a construction upon the testimony in the case such that respondent can only recover $75, or what it would have cost to do the work over, and complains of an instruction submitting the measure of damages. The instructions given by the court fairly measured the damages to be actual compensation for loss and pain and suffering from negligent performance of the work contracted to be done, instead of the mere recovery of the expense of replacing, and we find no error in such measure of damages allowed.

The instructions were as favorable to appellant as he was entitled to under the evidence. The judgment is affirmed.

MAIN, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.