LEONORE FRANK, Appellant, v. JACQUES MALINIAK, Respondent.

First Department, April 24, 1931.

*Alexander Rose* of counsel [*Harry Kalet* with him on the brief; *House, Grossman & Vorhaus*, attorneys], for the appellant.

*Lorenz J. Brosnan* of counsel [*Lloyd Paul Stryker*, attorney], for the respondent.

SHERMAN, J. Defendant is a licensed physician, specializing as a plastic surgeon. About thirteen years before plaintiff placed herself under defendant's care she had submitted to operative treatment whereby the flatness of her nose had been relieved and its end lifted and tilted. This had been accomplished by the insertion of paraffin in a manner which changed the shape and outline of the nose. With the passage of time, however, the paraffin filtered into the cheeks forming bumps, which detracted from her beauty. Heat and cold due to seasonal atmospheric changes acted alike in causing red spots to appear upon the nose and cheeks, which, however, she states could be somewhat concealed

by the judicious use of cold cream and powder. She applied to defendant to be freed from this disability. He undertook for an agreed compensation, part of which was paid, to treat this condition surgically. According to her testimony, defendant explicitly promised that all surgical work should be done through her nose and mouth — from the inside — and that in no event would any incision be made upon her face, or external scar or disfiguration caused by any act of his. Thus reassured, she submitted to treatment at his hands.

For many months she was under treatment by defendant. Seven operations were performed. Plaintiff incurred hospital expenses and nurse's charges upon these occasions. *First*, the paraffin was removed from her nose; next it was taken from both cheeks, which left an appearance of hollowness instead of the desired roundness of contour, and then flesh was taken from her thigh and used in building up the face. The nose, which had become twisted by the removal of the paraffin, was straightened. Each of these operations had been performed from the inside. Then, according to plaintiff, occurred the operation in August, 1926, intended to remove bumps said by her to have been caused by the injection of fat in the attempted upbuilding of the cheeks. Her eyes having been bandaged and all pain deadened by local anæsthetics, she did not realize until the bandages were subsequently removed that the surgeon had made two " slashes " running from the bottom of each nostril to the edge of her mouth. She upbraided defendant for this breach of the express agreement and for the consequent blemish. Nevertheless, she submitted to two additional inside operations designed to improve the appearance of the nose — which she claims looks worse than before the treatment — and to remove disfiguring scars.

Subsequently this action was instituted for damages. The complaint expresses two causes of action, the first for breach of contract, the second for malpractice. No proof was adduced to show any lack of skill or negligence on the part of defendant and plaintiff does not on this appeal question the propriety of the dismissal at trial of the second cause of action.

The learned Trial Term, however, dismissed the first cause of action as well. This occurred at the end of plaintiff's case when her counsel declined to limit her claim for damages to the return of the fees paid and to expenses incurred and insisted upon being permitted to seek from the jury compensation as well for the pain and disfigurement caused by the external incisions in breach of the alleged compact that no outside cutting would be done.

Treating the action solely as for breach of contract and assuming — as we must upon the dismissal of the complaint — the truth

of her testimony, it is manifest that no breach occurred until the fifth operation when the outer skin of her face was cut. That was an infraction of the express agreement and she became entitled to all the damages that proximately flowed from that act. There had been, of course, no guaranty that the treatment at defendant's hands would effect a complete cure of the troublesome conditions which were present. The surgeon was required to exercise reasonable and proper care and skill in the performance of his work. But clearly he might not, in violation of his express promise to the contrary, cut into plaintiff's face, and escape liability.

Confusion crept into consideration of the case at Trial Term because of the emphasis placed on authorities such as *Conklin* v. *Draper* (229 App. Div. 227); *Frankel* v. *Wolper* (181 id. 485) and *Horowitz* v. *Bogart* (218 id. 158), each of which dealt with the classification of a particular pleading so as to determine which Statute of Limitations was technically applicable. Questions arising in that aspect are often difficult of solution, for the court is required upon consideration of the averments of a complaint, including the allegations of damage, to spell out the dominant intent of the pleader and determine whether the cause of action pleaded sounds in tort or rests upon breach of contract in order to decide what lapse of time will bar the action. (*Busch* v. *Interborough Rapid Transit Co.*, 187 N. Y. 388, 391.) No such question confronts us here.

The judgment appealed from should be reversed in so far as it dismisses the first cause of action, and a new trial ordered upon said cause of action, with costs to appellant to abide the event.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed in so far as it dismisses the first cause of action, and a new trial ordered upon said cause of action, with costs to the appellant to abide the event.