JOANNA KEATING, Appellant, v. BERTRAM R. PERKINS, Respondent.

First Department, February 11, 1937.

*George Cohen* of counsel [*Sanford H. Cohen,* attorney], for the appellant.

*William B. Shelton* of counsel [*Jenkins, Dimmick & Finnegan,* attorneys], for the respondent.

UNTERMYER, J. The action is for breach of contract against the defendant, a surgeon dentist, upon allegations that the plaintiff had employed the defendant to extract four teeth, including one tooth with a gold inlay, and that the defendant had failed to perform the contract in that the gold inlay became detached while the plaintiff was under anesthetic and, falling into the plaintiff's throat, had become lodged within her body. The plaintiff demands damages resulting from the defendant's failure to perform the contract, including the cost of medicines, medical attention and loss of earnings.

At the trial the plaintiff did not attempt to establish any negligence on the part of the defendant. Indeed, the defendant's attempt

to prove that the extraction had been performed with proper care was met by objections on the part of plaintiff's counsel that the evidence was immaterial. The trial, therefore, proceeded exclusively on the theory that the defendant had undertaken, by special contract, to remove every part of these teeth from every part of the plaintiff's body and that his failure to remove the gold inlay constituted a breach of the contract. The trial court declined to submit the case to the jury upon the theory of breach of contract, and dismissed the complaint at the conclusion of the case, stating that " there has been no action made out in contract here."

We think the judgment must be reversed because the answer, by failing to deny, admits so much of the complaint as alleges that " the defendant agreed as a part of his said contract and employment " " to extract the said teeth and each and every part thereof from within the plaintiff's body and that in accordance with said contract and employment it was the duty of the defendant to extract the said teeth and every part of the same from plaintiff's body when the said teeth had been extracted by the defendant." Since the plaintiff established that a part of one tooth remained within the plaintiff's body with disastrous results, we see no escape from the conclusion that the defendant failed to perform the special contract alleged in the complaint and admitted by the answer regardless of the degree of care exercised by him. Although, of course, in the absence of a special contract the defendant would be liable only for failure to exercise ordinary care and skill (*Pike* v. *Honsinger*, 155 N. Y. 201), the parties were at liberty to contract that the defendant would accomplish a particular result. (*Conklin* v. *Draper*, 229 App. Div. 227.)

If, as the defendant appears to contend, the complaint does not correctly allege the contract, the defendant's remedy is by amendment of the answer, which, by failing to deny, must be deemed to admit those allegations.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

MARTIN, P. J., McAVOY, O'MALLEY and GLENNON, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.