Deyo, J.
The defendant, a physician and surgeon, was unsuccessful in his attempt to remove a cataract from the plaintiff’s eye. An action for malpractice ensued, which resulted in the dismissal of the plaintiff’s complaint at the close of her case. This action, based on the alleged breach of a special contract for the removal of the cataract followed. An appeal is now pending from the previous judgment.
A doctor and his patient are at liberty to contract for a particular result, and if that result be not attained, the plaintiff has a cause of action for breach of contract. (Keating v. Perkins, 250 App. Div. 9.) This cause of action is entirely separate from malpractice, even though they both, as here, may arise out of the same transaction. (Conklin v. Draper, 229 App. Div. 227, affd. 254 N. Y. 620; Monahan v. Devinny, 223 App. Div. 547; Frankel v. Wolper, 181 App. Div. 485.) The two causes of action are dissimilar as to theory, proof and damages recoverable. Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon a failure to perform a special agreement. Negligence, the basis of the one, is foreign to the other. The damages recoverable in malpractice are for personal injuries, including the pain and suffering which naturally flow from *10 the tortious act. In the contract action they are restricted to the payments made and to the expenditures for nurses and medicines or other damages that flow from the breach thereof. Therefore, the cause of action previously asserted which has been dismissed, is not the same cause of action herein alleged.
The order should be affirmed, with $10 costs to the plaintiff-respondent.
Foster, P. J., Heffernakt, Brewster and Bergah, JJ., concur. Order affirmed, with $10 costs to plaintiff-respondent.