Lawrence Hurlburt, Plaintiff, *v.* Henry W. Gillett, Defendant.

(Supreme Court, Kings Special Term, September, 1916.)

Statute of Limitations — when action must be brought within two years after action accrues — negligence — Code Civ. Pro. § 384.

An action against a dentist for negligence to the injury of a patient is one for malpractice within the meaning of section 384 of the Code of Civil Procedure and must be brought within two years after the cause of action accrues.

Demurrer to separate defense.

Thomas E. Brownlee, for plaintiff.

Edward P. Mowton, for defendant.

Kapper, J. Plaintiff seeks to recover damages for defendant's alleged unskillfulness or improper performance of services as a dentist in treating plaintiff. Defendant pleads the Statute of Limitations which he avers " requires that an action to recover damages for malpractice must be commenced within two years after the cause of action has accrued, and that this action was not begun within two years from the date when the cause of action is alleged to have accrued." To this defense plaintiff demurs for insufficiency. Plaintiff urges that his action is for breach of contract, and that the six-year limitation and not the two-year limitation relating to an action for damages for malpractice applies. While the complaint sets forth the contractual relation by words indicating that the plaintiff and defendant contracted to have certain dental work performed " in plaintiff's mouth," yet it is plain enough from a reading of the entire complaint that the gravamen thereof is the defendant's unskillfulness or improper performance of the work to the personal injury of the plaintiff from which he " suffered great pain and anguish;" and the unliquidated sum of ten thousand dollars is claimed as damages. His contention is further answered, in my opinion, in the case of *Burrell* v. *Preston,* 54 Hun, 71, where the court say: " The counsel for the appellant argues, quite against the plain utterance of the Code of Civil Procedure, as it seems to us, that, inasmuch as the relation existing between the patient and the doctor

was by virtue of a contract existing between them on the one side to render services, and on the other to pay for the same, the six-year statute of limitations is alone applicable. It is true that negligence in this, as in all other cases arising incidentally between parties who have contract relations with each other, is in some sort a breach of contract; but this by no means relieves the parties from the operation of the provisions of the statutes of limitations, which are designed to limit the right of action in case of negligence to three years, whether the negligence was caused by a party having any duty to perform to the other or not." However, so far as concerns this case it would be immaterial whether the three-year or six-year limitation applied as it is not disputed that the action was commenced within three years from the time defendant began to treat plaintiff. The important question is whether the two-year limitation applies to an action brought by a patient against a dentist for damages for alleged negligent treatment. Prior to 1900 actions against physicians and surgeons and, I take it, also dentists and other professional men based upon their negligence which resulted in bodily injury were within the three-year statute of limitations, as we have already seen (*Burrell* v. *Preston, supra*). By chapter 117 of the Laws of 1900, section 384 of the Code of Civil Procedure was amended by adding the word " malpractice " as an actionable case to the enumeration of actions to recover damages which had to be commenced within two years, the section, after amendment, reading as follows:

" Within two years:

" 1. An action to recover damages for libel, slander, assault, battery, seduction, criminal conversation, false imprisonment, malicious prosecution or malpractice."

It is to be noted that in adding the word " malpractice," the legislature did not undertake to define the term. Just what professions were intended to be benefited is left to conjecture save in so far as judicial discussion and consideration had sanctioned a general use of the word. As applied to attorneys, it seems to have been limited to evil practice in a professional capacity and a resort to methods and practices unsanctioned and prohibited by law, generally improper, immoral or illegal conduct or practice contrary to rules of ethics. See 26 Cyc. 121; *Matter of Baum,* 8 N. Y. Supp. 771; *Matter of Clark,* 184 N. Y. 222. It is said also in 26 Cyc. *supra,* 121, that as applied to physicians and surgeons malpractice means negligent acts committed by a physician in treating his patient or the unskillful treatment by a physician or surgeon in consequence of which the patient is injured. And again: " Malpractice, in its ordinary sense, is the negligent performance by a physician or surgeon of the duties which are devolved and incumbent upon him on account of his contractual relations with his patient." 30 Cyc. 1546. Prior to the legislation of 1900, above referred to, the term " malpractice " was applied by our Court of Appeals in a number of cases as characterizing negligence upon the part of physicians and surgeons. *Carpenter* v. *Blake,* 75 N. Y. 15; *Du Bois* v. *Decker,* 130 id. 329; *Link* v. *Sheldon,* 136 id. 5; *Pike* v. *Honsinger,* 155 id. 209. With this eminent recognition and application of the word " malpractice " to the negligent and unskillful conduct of physicians and surgeons, there should be no judicial difficulty in holding that the legislative addition of " malpractice " as one of the causes for which an action for damages could be maintained only if commenced within two years was intended to cover actions for negligence upon the part of physicians and sur-

geons which resulted in bodily injury or hurt to a patient. In Withaus and Becker's work on Medical Jurisprudence (the first named author, an eminent physician, and the other a lawyer of recognized ability), which was published in 1894, there are classified under the head of malpractice *negligent* acts in the treatment of a patient by a physician or surgeon, in which class the authors say (Vol. 1, p. 76) : " may be placed the most numerous cases of malpractice, according to the generally accepted meaning of the term." Recent recognition of the application of this word to a case of negligence is found in *Brown* v. *Goffe,* 140 App. Div. 354. There appears, therefore, little if any difficulty in deciding that the legislature intended that the commencement of actions against physicians and surgeons based upon their negligence in the treatment of a patient which resulted in the latter's injury was to be limited to the period of two years when it inserted the action for malpractice in that enumeration. I am moreover of the opinion that dentists were equally intended to be protected. At the time of the adoption of the Code amendment, *supra,* the practice of dentistry in this state was regulated by statute which prescribed the qualifications of persons to practice that profession. Laws of 1893, chap. 661, art. 9, being General Laws, chap. 25, and entitled the Public Health Law. The inclusion of the practice of dentistry in the Public Health Law of this state, appropriately contemplates the danger to the public from the want of the requisite degree of skill on the part of the members of this profession. A leading authority on medical jurisprudence (3 Whar. & Stille Med. Jur. § 500) couples dentists with physicians and surgeons as those liable to a patient for injury resulting from a want of ordinary skill. In a note to *Gillette* v. *Tucker,* 93 Am. St. Rep. 667, it is said: " The rules

governing the duty and liability of physicians and surgeons in the performance of professional services are applicable to dentists.'' The Rhode Island Supreme Court (*State* v. *Beck,* 45 L. R. A. 270) say: '' Dentistry is now a well recognized branch of surgery. A dentist is a dental surgeon. He performs surgical operations upon the teeth and jaw, and, as incidental thereto, upon the flesh connected therewith. His sphere of operations, then, as before intimated, is included in the larger one of the physician and surgeon.'' And in numerous cases in other jurisdictions malpractice has been considered as properly descriptive of the negligent treatment of a patient by a dentist. See *McCracken* v. *Smathers,* 122 N. C. 799; *Roark* v. *Greeno,* 61 Kans. 306; *Mernin* v. *Cory,* 145 Cal. 573. The foregoing discussion and review of authorities leads me to the conclusion that an action against a dentist for negligence to the injury of a patient is one for malpractice within the meaning of section 384 of the Code of Civil Procedure and must be brought within two years after the cause of action accrues. The time when the plaintiff's cause of action accrued, as presented by the allegations of the complaint, is a question of fact. The demurrer must be overruled with ten dollars costs of this motion.

Demurrer overruled with ten dollars costs.