BERTHA FRANKEL, Appellant, v. MAX WOLPER, Respondent.

Second Department, February 1, 1918.

Physicians — obligations of physician towards patient — agreement to cure disease — liability for malpractice — pleading — complaint stating action for malpractice — limitation of action.

The contract of a physician to cure a patient does not mean that in case of failure he will pay the damages resulting from the malady continuing, or for the results of his lack of skill or ignorance, or for the physical consequence, or for treatment by other physicians necessitated by the patient's condition.

While a contract to cure a patient does involve the elimination of the patient's condition, the physician cannot be held responsible for suffering from a cause which he agrees to end but does not end, unless he is guilty of malpractice.

A physician must have skill, care and judgment and use them, and if he fails to use them and pain results therefrom, whether or no there be ultimate cure, he is liable.

It seems, that where a physician agrees to cure a patient and fails to do so the patient is absolved from payment and may recover advances made and expenditures for nurses, medicines, etc.

Complaint in an action brought by a patient against a physician examined, and held, not to state a cause of action for breach of contract but one for malpractice and negligence and that the complaint was properly dismissed as the Statute of Limitations had run upon the latter action.

APPEAL by the plaintiff, Bertha Frankel, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 9th day

of March, 1917, upon the dismissal of the complaint at the opening.

*Alfred B. Nathan,* for the appellant.

*Edwin A. Jones,* for the respondent.

THOMAS, J.:

The question is whether this action against a physician is for breach of contract or malpractice. If for the latter, it is barred by a Statute of Limitations, whether it arose from lack of requisite skill or negligent exercise of it. The question is not whether the plaintiff could declare on a contract to cure her, and for the breach of it recover damages for failure to make the cure. For instance, in such case sums paid on the contract would be subjects of recovery, and probably other items of damage that flow naturally from failure to do an agreed thing. But the present complaint manifests no such cause of action. It alleges in effect representations by the defendant of skill and carefulness in his calling, the plaintiff's reliance thereon in entering into a contract with defendant " to attend to and cure her of " her malady, describing it, wherein and whereby the defendant agreed to use care and learning to cure the plaintiff, and his best judgment in exercising his skill and applying his knowledge, and that he would use methods approved in his profession to effect a cure, " and would attend to and care for the plaintiff and cure her of the said malady." Then follow allegations to the effect that defendant entered upon the performance of the contract, but in violation of it used neither the agreed care and diligence in the exercise of his skill and application of his learning in treating plaintiff, nor his best judgment, nor the approved methods, and lanced plaintiff's affected breast dilatorily and improperly, improperly drained it, made too infrequent changes of bandages, did not properly sterilize the bandages and instruments, and that there appeared on the affected breast abscesses or swellings " as a result of the defendant's failure to properly perform his contract," and after some amplification it is alleged, in effect, that defendant advised her that her malady was slight and did not require the services of another physician, and that on her insistence he called in a specialist,

whom defendant had employed to perform the operation, and that the defendant, when plaintiff was under the influence of an anæsthetic, himself performed the operation, but did not use skill, learning and judgment in accordance with the contract, " and solely as a result thereof," plaintiff was obliged to submit to another surgical operation described, " and that solely by reason of the defendant's breach of contract of employment as aforesaid, the plaintiff was not cured of her said malady and suffered from the result thereof, and she was and became sick, sore and disabled and suffered from pain and a nervous breakdown, and was confined to her bed a considerable length of time, and her injury is a permanent one, and she has been obliged to expend a considerable sum of money for medicines, medical services, drugs and various appliances in endeavoring to be cured." It may be inferred from the complaint that the plaintiff's physical condition was affected permanently, (1) by defendant's negligent treatment; (2) by operations by others necessitated by defendant's failure to cure her; (3) by the continuance of her malady, and that she has expended sums of money in endeavoring to be cured. The defendant would not be liable *upon his agreement to cure* for plaintiff's pains and disability resulting from the conditions to be cured, nor for pains and disabilities caused by defendant's ignorance or lack of skill, nor for pains and disabilities caused by subsequent operations to cure her of her malady or to avert the consequences of defendant's lack of skill or failure to perform his contract, nor expenses to alleviate any such pains and disabilities. The contract to cure was not that the defendant would upon failure pay the damages resulting from her malady continuing, or for the results of his lack of skill or ignorance, or for the physical consequences of treatment by other physicians necessitated by her condition. The thing he undertook was to cure her. That did, indeed, involve the elimination of the condition that begot suffering and disability. But a physician cannot be held responsible for suffering from a cause which he agrees to end but does not, unless he is guilty of malpractice. He must have skill, care and judgment and use them, and if he fail to use them, and pain results therefrom, whether there be or not ultimate cure, he is liable. That culpability results

from the duty the law attaches to the undertaking. I would say also that where a physician, with whatever prudence, agrees that his treatment will cure, and it does not, the patient is absolved from payment, may recover advances, may recover expenditures necessitated for nurses and medicines, and, may be, for something else. But such are not the damages stated here. If the complaint otherwise permitted a conclusion that the action was on contract, the misstatement of damages need not disturb it. But here the damages alleged are unsuited to an action on contract, and help to characterize the complaint as one for malpractice and negligence. It is useless to discuss the authorities, as the decision is placed upon the ground that the complaint does not declare on contract.

The judgment should be affirmed, with costs.

Present — JENKS, P. J., THOMAS, RICH and BLACKMAR, JJ.

Judgment unanimously affirmed, with costs. [This decision was affirmed without opinion in 228 N. Y. 582 (1920).]