SAMUEL HOROWITZ, Respondent, v. J. BION BOGART, Appellant.

First Department, November 5, 1926.

**Physicians and surgeons — malpractice — action for failure of defendant to remove duodenal ulcer from plaintiff's body — two-year Statute of Limitations pleaded as defense — contention by plaintiff that he is suing to recover damages for breach of contract not sustained — complaint states action for malpractice — cause is barred by Statute of Limitations.**

The cause of action by the plaintiff against the defendant based on the alleged failure of the defendant to remove a duodenal ulcer from the plaintiff's body, which the plaintiff alleges the defendant agreed to do, is to recover damages for malpractice and is not based on a breach of the contract as contended by the plaintiff, although the complaint contains no allegations of lack of skill or of negligence, for all the facts alleged, including the demand for $50,000 damages for pain and suffering, are facts suited only to an action for malpractice, and, therefore, the action having been commenced more than two years after the cause of action arose, it was barred by the two-year Statute of Limitations pleaded by the defendant as a defense.

The nature of a charge of malpractice is not changed by failing sufficiently to state it in detail or by putting it in language suitable to the statement of a cause of action for breach of contract, omitting the usual allegations as to absence of skill or negligence.

APPEAL by the defendant, J. Bion Bogart, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of July, 1926, denying defendant's motion to dismiss the complaint upon the ground that the cause of action set forth therein is barred by the two-year Statute of Limitations applying to actions for malpractice. (See Civ. Prac. Act, § 50, subd. 1; Rules Civ. Prac. rule 107, subd. 6.)

*Lorenz J. Brosnan* of counsel [*Lloyd Paul Stryker*, attorney], for the appellant.

*Irving Spieler* of counsel, for the respondent.

MARTIN, J. The complaint alleges that the defendant is a physician and surgeon duly licensed to practice in the State of New York; that on or about the 12th day of February, 1921, the plaintiff, who at that time was suffering from a malady known as duodenal ulcer, entered into an agreement with the defendant wherein and whereby and for and in consideration of the sum of $150, to be paid by the plaintiff to the defendant, the defendant agreed to perform a surgical operation on the plaintiff for the removal of the duodenal ulcer from the plaintiff's body. It is further alleged that the plaintiff performed all the terms and conditions

of the contract on his part to be performed and submitted to an operation by the defendant on the 21st day of February, 1921; that the defendant failed and neglected to perform his part of the agreement in that he failed and neglected to remove the duodenal ulcer from the body of the plaintiff, *permitting it to remain therein and, instead, removed the appendix.* · It is also alleged that plaintiff suffered severe pain and mental anguish and was caused to expend considerable sums of money for medicine and medical and surgical treatment and was unable to attend to his usual vocation for a long time, all to his damage in the sum of $50,000.

The sole question before the court is whether the complaint sets forth a cause of action for breach of contract or one for malpractice. If the latter, it is conceded that the defendant's motion to dismiss should have been granted.

In *Hurlburt* v. *Gillett* (96 Misc. 585; affd., on opinion below, 176 App. Div. 893) the court said (at p. 586): " Plaintiff seeks to recover damages for defendant's alleged unskillfulness or · improper performance of services as a dentist in treating plaintiff. Defendant pleads the Statute of Limitations* which he avers ' requires that an action to recover damages for malpractice must be commenced within two years after the cause of action has accrued, and that this action was not begun within two years from the date when the cause of action is alleged to have accrued.' To this defense plaintiff demurs for insufficiency. Plaintiff urges that his action is for breach of contract, and that the six-year limitation and not the two-year limitation relating to an action for damages for malpractice applies. While the complaint sets forth the contractual relation by words indicating that the plaintiff and defendant contracted to have certain dental work performed ' in plaintiff's mouth,' yet it is plain enough from a reading of the entire complaint that the gravamen thereof is the defendant's unskillfulness or improper performance of the work to the personal injury of the plaintiff from which he ' suffered great pain and anguish; ' and the unliquidated sum of ten thousand dollars is claimed as damages."

While, in the complaint now under consideration, neither lack of skill nor negligence is charged, the basis of the charge is " improper performance of the work to the personal injury of the plaintiff."

This court, in *Hermes* v. *Westchester Racing Association* (213 App. Div. 147) said (at p. 148): " That this action, although brought as though to enforce a contract obligation, is one which seeks to recover damages for a personal injury resulting from negligence, cannot be gainsaid. There is no other basis for the suit in its

---

*See Code Civ. Proc. §§ 380, 384; now Civ. Prac. Act, § 50.— [REP.

claim for damages, and no injury to plaintiff's person was caused by any other tortious conduct than the negligence described."

The damages here demanded, namely, $50,000 for pain and suffering, are not suited to an action for breach of the alleged contract.

In *Frankel* v. *Wolper* (181 App. Div. 485) the court held that a similar action was for malpractice, and said (at p. 488): " I would say also that where a physician, with whatever prudence, agrees that his treatment will cure, and it does not, the patient is absolved from payment, may recover advances, may recover expenditures necessitated for nurses and medicines, and, may be, for something else. But such are not the damages stated here. If the complaint otherwise permitted a conclusion that the action was on contract, the misstatement of damages need not disturb it. But here the damages alleged are unsuited to an action on contract, and help to characterize the complaint as one for malpractice and negligence. It is useless to discuss the authorities, as the decision is placed upon the ground that the complaint does not declare on contract."

The nature of the charge of malpractice is not changed by failing to sufficiently state it in necessary detail, or by putting it in language suitable to the statement of a cause of action on contract, omitting, the usual allegations as to absence of skill and negligence.

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

Clarke, P. J., Dowling, Finch and McAvoy, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.