CATHERINE MONAHAN, Appellant, *v.* GEORGE DEVINNY and Another, Doing Business under the Firm Name and Style of DEVINNY & DEVINNY, Respondents.*

Third Department, May 16, 1928.

**Physicians and surgeons — malpractice — two-year Statute of Limitations (Civ. Prac. Act, § 50, subd. 1) applies, although defendants are not legally practicing medicine (Education Law, § 1250, subd. 7; §§ 1251, 1256, 1259, 1260) —plaintiff may be able to recover for breach of contract and is permitted to amend.**

This action is to recover damages for injuries suffered by the plaintiff in treatments given to her by the defendants, who are chiropractors. The two-year Statute of Limitations (Civ. Prac. Act, § 50, subd. 1) applies to this action, for although the defendants are not qualified and licensed physicians (Education Law, §§ 1251, 1256, 1259, 1260), they are practicing medicine within subdivision 7 of section 1250 of the Education Law.

While the plaintiff cannot recover damages for malpractice, she may be able to recover damages for breach of contract, and, therefore, the plaintiff is permitted to amend her complaint.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of Albany on the 22d day of December, 1927.

*Harry W. Williams,* for the appellant.

*Carleton B. Shaw,* for the respondents.

PER CURIAM. The complaint states a cause of action for malpractice. The defendants were chiropractors who had undertaken to treat plaintiff for certain ailments. It appears that as a result of unskillful acts on their part the plaintiff became paralyzed.

The defendants moved to dismiss the complaint on the ground that the action had not been brought within two years from the time the cause of action accrued. (Civ. Prac. Act, § 50, subd. 1; Rules Civ. Prac. rule 107, subd. 6.) The plaintiff argues that the section cited has no application because the defendants were not physicians and were not legally practicing medicine.

The practice of medicine is defined in section 1250, subdivision 7, of the Education Law (as added by Laws of 1927, chap. 85). Under that definition the defendants were practicing medicine, although their acts were illegal, for they were not qualified or licensed. (Education Law, §§ 1251, 1256, 1259, 1260; *People v. Allcutt,* 117 App. Div. 546; affd., 189 N. Y. 517; *People v. Woodbury D. Inst.,* 124 App. Div. 877; *Samuel, Inc., v. Hams,* 187 id. 783.) In an

action of this kind they must be held to the same standards of skill and care as prevail amongst those who are licensed. (*Brown* v. *Shyne*, 242 N. Y. 176, 181; *Nelson* v. *Harrington*, 72 Wis. 591.) The allegation of unskillful treatment with injurious results indicates that the action is based on malpractice; and the limitation of the statute has run against the plaintiff's cause of action. (*Horowitz* v. *Bogart*, 218 App. Div. 158; *Hurlburt* v. *Gillett*, 96 Misc. 585; affd., on opinion below, 176 App. Div. 893.)

The action is one growing out of the breach of a consensual relation and is tortious in its nature. We think it would be possible for the plaintiff still to obtain partial relief by suing strictly on the contract, against which cause of action the statute has not run. (See Civ. Prac. Act, § 48.) Recovery of damages could not be had for the wrong involving unskillful treatment; but plaintiff might be entitled to recover sums paid to defendants, on the contract to furnish proper medical aid, and for sums paid out for nurses and medicines or other damages that flow naturally from the breach of whatever contract was made between the parties. (*Frankel* v. *Wolper*, 181 App. Div. 485.)

. The order should be modified to grant leave to plaintiff at her election to amend the complaint within twenty days upon payment of ten dollars costs and disbursements of this appeal. If such election is not made, then the order should be affirmed, with ten dollars costs and disbursements.

VAN KIRK, P. J., HINMAN, DAVIS, HILL and HASBROUCK, JJ., concur.

Order modified so as to grant leave to plaintiff, at her election, to amend the complaint within twenty days upon payment of ten dollars costs and disbursements of this appeal; if such election is not made, the order is affirmed, with ten dollars costs and disbursements.