JULIA CONKLIN, Appellant, Respondent, v. JOHN W. DRAPER, Respondent, Appellant.

First Department, May 2, 1930.

*James B. McDonough, Jr.,* of counsel [*Arthur C. Power* with him on the brief; *Gleason, McLanahan, Merritt & Ingraham,* attorneys], for the plaintiff.

*Maxwell C. Klatt* of counsel [*Lloyd Paul Stryker,* attorney], for the defendant.

MARTIN, J. The question on the defendant's appeal is whether the first of the two separately stated and numbered causes of action is barred by the two-year Statute of Limitations contained in section 50 of the Civil Practice Act.

The defendant, a physician, operated upon the plaintiff for appendicitis. The operation was performed on May 27, 1925, at the Lexington Hospital in the city of New York. This action was commenced on July 5, 1929, more than four years thereafter. During the course of the operation the defendant used a pair of arterial forceps. After removing the appendix the wound was closed, leaving the forceps within the plaintiff's abdominal cavity. After the operation the defendant visited the plaintiff and told her she was progressing satisfactorily. Her regular physician also assured her she was recovering. About ten days after the operation she was removed from the hospital to the Shelton Hotel, and both the defendant and plaintiff's consulting physician made professional calls upon her at that place.

The plaintiff recovered from the appendicitis operation, although she continued to suffer intestinal attacks. Shortly after the operation, on or about June 20, 1925, she sailed for Europe to recuperate. On her return to this country in the fall of 1925 she felt that she was not as well as she should have been and again consulted her regular physician. He advised her, after a number of visits, that nothing was wrong. Nevertheless during the latter part of 1926 and the summer of 1927 she again consulted him several times. The father of the plaintiff was concerned about her condition and consulted her regular physician about plaintiff on several occasions. Each time the physician stated that the appendicitis operation performed by the defendant was successful, and that any symptoms of ill-health the plaintiff showed must be due to some other cause. Nevertheless, the father's concern for his daughter continued and he took her on a number of trips, finally taking her on a trip around the world. They arrived in Italy in the spring of 1927. There the plaintiff's father became ill and returned directly to the United States, but advised his daughter to go to London, England, for the summer, which she did.

While in London the plaintiff became continually worse and in June of that year, 1927, she consulted Sir Kenneth Goadby, a noted physician of that city. He spent several weeks in an unsuccessful effort to diagnose her condition, but finally had X-ray photographs made of her abdominal regions. When the photographs were developed on or about July 12, 1927, the presence of the forceps was discovered. The plates were shown to a relative of the plaintiff who cabled the plaintiff's father that an immediate

operation was necessary in order to save plaintiff's life, and obtained his consent thereto.

The second operation was performed on the following day, July 13, 1927, and the forceps were removed. Shortly after this second operation the plaintiff was removed from London to a nursing home at Hindhead, England. From there, and within a month after she had discovered the presence of the forceps, she wrote to her then attorneys in New York and placed the matter in their hands. They commenced an action in her behalf, naming as defendants both her consulting physician and the present defendant. They were of the opinion that both doctors were responsible and that the two-year Statute of Limitations would not be a bar. The defendant answered and set up the Statute of Limitations as a complete defense, and the defendants' attorneys moved to compel the plaintiff to reply to that defense. Thereafter one of the defendants died and the action was discontinued.

Subsequently the plaintiff submitted the matter to her present attorneys and after investigation they advised her that in their opinion the two-year Statute of Limitations (Section 50 of the Civil Practice Act) was not applicable as a bar. A second action was then commenced. It is argued that there are facts set forth in the complaint which permit the bringing of such an action. The present action was begun within two years after the discovery by the plaintiff of the fact that the forceps had been left in her body, but not within two years after the operation or treatment by the defendant.

There is no escape from the conclusion that the allegations of the first cause of action of the complaint clearly show that the action is based on malpractice, although it may be otherwise designated. The action was not commenced until four years after the operation took place and after the defendant attended and rendered services to the plaintiff. The time within which to bring such an action being limited to two years, the Statute of Limitations is a bar. This subject has been passed upon by the courts in a number of decisions. (*Horowitz* v. *Bogart*, 218 App. Div. 158; *Hurlburt* v. *Gillett*, 96 Misc. 585; affd., 176 App. Div. 893; *Frankel* v. *Wolper*, 181 id. 485.)

The plaintiff argues that the statute should begin to run from the time of the discovery of the malpractice. The decisions setting forth the purpose and effect of such statute are to the contrary. (*Cappuci* v. *Barone*, 165 N. E. [Mass.] 653.)

In a similar case, *Tulloch* v. *Haselo* (218 App. Div. 313), the court said: " The appellant contends, however, that the cause of

action alleged is a cause of action for fraud and that the Statute of Limitations for such an action does not begin to run until the discovery of the fraud, which discovery in the case at bar was made in January, 1924. * * *

"It was malpractice that was the proximate cause of the injury which the plaintiff sustained. The relation of dentist and patient made it malpractice. The failure to speak and to disclose his negligent act was a breach of duty which constituted malpractice. (*Benson* v. *Dean*, 232 N. Y. 52.)"

In the Massachusetts case (*Cappuci* v. *Barone, supra*) the court said: "When did the cause of action accrue? The defendant as a surgeon, on May 11, 1924, impliedly undertook to use care in the operation which he was about to perform. Any act of misconduct or negligence on his part in the service undertaken was a breach of his contract, *which gave rise to a right of action in contract or tort,* and the statutory period began to run at that time, and not when the actual damage results or is ascertained, as the plaintiff contends. The damage sustained by the wrong done is not the cause of action; and the statute is a bar to the original cause of action although the damages may be nominal, and to all the consequential damages resulting from it though such damages may be substantial and not foreseen. *McQuesten* v. *Spalding*, 231 Mass. 301, 120 N. E. 850; *Wilcox* v. *Plummer*, 4 Pet. 172, 181, 182, 7 L. Ed. 821; *Howell* v. *Young*, 5 B. & C. 259, 267. There is nothing in the suggestion that, in the facts and in the law applicable thereto, the statute should be construed liberally, and the consequential damages when discovered be considered as a fresh ground of action as in ' the case of a nuisance, where every new dropping is a new act.' "

A distinction is sought to be made because it is alleged the defendant knew that he left the forceps in the body of the plaintiff, but that distinction appears to be unsound. Similar efforts to save a cause of action from the bar of the statute have failed in the appellate courts. (*Tulloch* v. *Haselo, supra; Cappuci* v. *Barone, supra.*)

The second cause of action rests on an entirely different basis. In *Winter* v. *American Aniline Products, Inc.* (236 N. Y. 199) the Court of Appeals said that, irrespective of the demand for damages, if the other allegations of the complaint are sufficient to sustain a particular cause of action, it should be held sufficient. The demand for damages, however, coupled with allegations which are consistent only with a malpractice action, may fortify the conclusion that such an action is for malpractice only. (*Hurlburt* v. *Gillett, supra.*)

In *Frankel* v. *Wolper* (181 App. Div. 485) it was said (at p. 488): " I would say also that where a physician, with whatever prudence, agrees that his treatment wil cure, and it does not, the pat ent is absolved from payment, may recover advances, may recover expend tures necessitated for nurses and medicines, and, may be, for something e se. But such are not the damages stated here. If the complaint otherwise permitted a conclusion that the action was on contract, the misstatement of damages need not disturb it. But here the damages alleged are unsuited to an action on contract, and help to characterize the complaint as one for malpractice and negligence. It is use ess to discuss the author ties, as the decision is placed upon the ground that the complaint does not declare on contract."

The plaintiff contends that the second cause of action is based strictly upon the breach of a contract and does not seek to recover damages for personal injuries, pain or suffering. It is restricted to damages flowing from the breach of contract.

Two or more causes of action may arise out of the same transaction with different statutes of limitations, and although one may be barred the other may be good. While the plaintiff may not be able to recover for malpractice, she may recover for a breach of contract. (*Cappuci* v. *Barone*, *supra*; *Frankel* v. *Wolper*, 181 App. Div. 485; *Staley* v. *Jameson*, 46 Ind. 159; *Burns* v. *Barenfield*, 84 id. 43; *Monahan* v. *Devinny*, 223 App. Div. 547.) In the last cited case the court said: " We think it would be possible for the plaintiff still to obtain partial relief by suing strictly on the contract, against which cause of action the statute has not run. (See Civ. Prac. Act, § 48.) Recovery of damages could not be had for the wrong involving unskillful treatment; but plaintiff might be entitled to recover sums paid to defendants, on the contract to furnish proper medical aid, and for sums paid out for nurses and medicines or other damages that flow naturally from the breach of whatever contract was made between the parties. (*Frankel* v. *Wolper*, 181 App. Div. 485.) "

The allegations of this second cause of action are strictly contractual. Nowhere therein are allegations of pain and suffering, and like allegations which have been found in other complaints. The plaintiff should be permitted to recover the damages which naturally follow from the breach of such a contract if such a breach is established upon the trial.

The judgment and order so far as appealed from by plaintiff should be reversed, with costs, and the motion to dismiss the second cause of action denied, with leave to defendant to answer on payment of said costs. The order so far as appealed from by the

defendant should be reversed, with ten dollars costs and disbursements and the motion to dismiss the first cause of action granted.

Dowling, P. J., Merrell and Sherman, JJ., concur; O'Malley, J., dissents.

O'Malley, J. (dissenting). I dissent in so far as the first cause of action is concerned. Its allegations are to the effect that the defendant with knowledge that the forceps remained within the body of the plaintiff, carelessly, negligently and in violation of his duty to inform the plaintiff of such fact, failed and refused so to do, concealed it from the plaintiff and permitted the instrument to remain within her body; and as it is further alleged that this was all without the knowledge of the plaintiff, there was an act of continuing malpractice, against which the Statute of Limitations would not commence to run until either the defendant performed his duty or the plaintiff learned or should have learned of said condition.

I, therefore, vote to affirm the order appealed from in so far as the same denies the motion to dismiss with respect to the first cause of action, and to reverse so much of said order as grants the motion to dismiss the second cause of action, with leave in each instance to the defendant to raise such defense by way of answer pursuant to rule 108 of the Rules of Civil Practice.

Upon plaintiff's appeal: Judgment and order so far as appealed from reversed, with costs, and the motion denied, with leave to defendant to answer within twenty days from service of order upon payment of said costs.

Upon defendant's appeal: Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted.