Action to recover damages for personal injuries alleged to have been suffered by the plaintiff in the course of surgical and medical treatment by the defendant’s testator. The complaint contains three causes of action: (1) For breach of alleged contract for medical services made in 1927; (2) for malpractice based on treatment between 1927 and 1944, and (3) for malpractice based on an incident occurring in 1936. Order affirmed, with $10 costs and disbursements, the examination to proceed on five days’ notice. The order grants an examination of the defendant, individually and as executor, in respect of the period between 1927 and 1944. The defendant’s testator died in 1945, after this action had been begun by the plaintiff upon attaining her majority. It is claimed that the first and second causes of action have abated. The rule that causes of action of this type abate upon the death of the wrongdoer (Segerieh v. Keddie, 99 N. T. 258) was changed by the enactment of chapter 795 of the Laws of 1935, amending, inter alia, section 118 of the Decedent Estate Law. This amendment took effect September 1, 1935, and is limited to causes of action arising after that date. The third cause of action is alleged to have accrued in 1936. Therefore the examination so far as that cause of action is concerned is proper. The second cause of action concerns alleged acts oceuring between 1927 and 1944. It cannot now be determined when the alleged wrongful ■ acts occurred that are involved in that second cause of action and the extent, if any, that they are affected by the doctrine of abatement. Testimony in respect of treatment prior to 1935 may be pertinent to shed light upon the propriety of the treatment after that date. Accordingly the examination was properly allowed in its present scope, conforming as it does to the second cause of action. The first cause of action avowedly accrued in 1927. It is brought on the theory of breach of contract, but it seeks damages for personal injuries. Despite its form it therefore is, in substance, an action for malpractice and is governed by *923 the rules in respect of abatement applicable to such tort actions. (Frankdl v. Wolper, 181 App. Div. 485, affd. 228 N. Y. 582; Phelan v. Gibson, 148 App. Div. 925.) As this alleged cause of action accrued in 1927, it abated upon the death of defendant’s testator, since section 118 of the Decedent Estate Law, as amended, did not save causes of action which accrued prior to September 1, 1935. Hagarty, Acting P. J., Carswell, Adel, Nolan and Sneed, JJ., concur. [See post, p. 934.]