### GENERAL CAS. CO. OF AMERICA v. FEDOFF et al.

### FEDOFF v. GENERAL CAS. CO. OF AMERICA et al.

United States District Court
S. D. New York.

July 6, 1951.

David B. Williams, New York City, for defendants-counter-respondents Gung Ho Restaurant, Inc. and Wong G. Sick.

Harry D. Graham, New York City, for defendant and plaintiff-counter-claimant Boris Fedoff.

Gay & Behrens, New York City, for plaintiff and defendant-counter-respondent General Casualty Company of America.

WEINFELD, District Judge.

The plaintiff insurance company, having paid workmen's compensation to an employee of Gung Ho Restaurant, Inc., a corporation engaged in the restaurant business, which insured the payment of such compensation with the plaintiff, brings this action, as subrogee of the injured employee, pursuant to Section 29 of the New York Workmen's Compensation Law, McKinney's Consol. Laws, c. 67, against the defendant whose negligence or wrong is alleged to have caused the employee's injuries. The defendant has in turn served a counterclaim against Gung Ho Restaur-

ant, Inc. and the employee, designating them as defendants-counter-respondents, charging that while he was a guest in the restaurant this employee and others maliciously assaulted and seriously injured him. The defendants-counter-respondents now move for summary judgment dismissing the complaint and counterclaim on the ground that it is barred by the New York Civil Practice Act, § 50, subd. 1, which prescribes a two year limitation for an action to recover damages for assault and battery. The counterclaim fixes the date of the assault as May 17, 1948 and admittedly the same was not served on the moving parties until March 19, 1951.

The complaint and counterclaim were served on the defendants-counter-respondents pursuant to an order which overruled the plaintiff's challenge of sufficiency of the counterclaim. This order authorized the service of the complaint and counterclaim on the moving parties. Judge Coxe in his opinion sustaining the sufficiency of the counterclaim as against the plaintiff merely held that the plaintiff stands in the shoes of its subrogor and is subject to any defenses which the defendant could have asserted against the subrogor if sued by him, rather than the plaintiff. Judge Coxe also permitted the defendant to serve the complaint and counterclaim on the defendants-counter-respondents. But I do not read Judge Coxe's opinion as passing on the validity or effect of the counterclaim as between the defendant and the defendants-counter-respondents. General Casualty Co. of America v. Fedoff, D.C. 11 F.R.D. 177.

■ The counterclaim states a simple cause of action for assault. Though the defendant now argues that the cause of action is in contract for breach of the duty which an innkeeper owes his guest, it is clear that the counterclaim cannot bear the construction so sought to be put upon it. It is for assault, and nothing else. Analogy may be found in the cases of Frankel v. Wolper, 181 App.Div. 485, 169 N.Y.S. 15, affirmed 228 N.Y. 582, 127 N.E. 913, and Horowitz v. Bogart, 218 App.Div. 158, 217 N.Y.S. 881, where despite efforts to plead in terms of breach of contract, the

courts held that the causes of action were in essence for malpractice, and governed by the two year statute of limitations for that tort.

The counterclaim, moreover, is solely in the right of the defendant. Any recovery which the defendant might obtain against the defendants-counter-respondents would be for their wrongful assault. In the unlikely event that it were found that the plaintiff's subrogor and the defendant were both aggressors in the encounter and that each was liable in damages to the other, the liability of the defendants-counter-respondents to the defendant would still be solely that of tort-feasors. Their liability is direct and does not spring from any recovery the plaintiff may obtain from the defendant. It will arise entirely from the wrongful assault of which the defendants-counter-respondents may be found guilty and not from any duty to indemnify the defendant against liability to the plaintiff. It is apparent that no right to indemnification can be asserted since: "The right to indemnity stands upon the principle that everyone is responsible for the consequences of his own negligence, and, if another person has been compelled * * * to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him." Oceanic Steam Navigation Co., Ltd. v. Compania Transatlantica Espanola, 134 N.Y. 461, 468, 31 N.E. 987, 989, Westchester Lighting Co. v. Westchester County Small Estates Corp., 278 N.Y. 175, 15 N.E.2d 567. Therefore the six year limitation period which controls with respect to indemnity claims is not applicable.

■ The New York statute of limitations as applied under New York law determines whether the counterclaim is barred. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Co. v. York, 326 U.S. 99, 65 S. Ct. 1464, 89 L.Ed. 2079. The Civil Practice Act, § 61, provides that a "cause of action other than for the recovery of real property, upon which an action cannot be maintained as prescribed in this article, cannot be effectually interposed as a defense or counterclaim." Moreover, though

denominated a counterclaim, insofar as it seeks judgment against the defendants-counter-respondents, the counterclaim really is a new action against them. In any aspect, it is barred.

The motion for summary judgment dismissing the complaint and counterclaim as against the moving parties is granted.