WILLIAM SALOY, INC., Appellant, v. WILLIAM LUHRS, Respondent.— Motion referred to the court that rendered the decision. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. [See *ante*, p. 908.]

MAE M. SCHRAM, Respondent, v. HOTEL ST. GEORGE CORPORATION, Appellant. — Motion for leave to appeal to the Appellate Division denied, without costs. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.

HENRY N. BUDOFF, Respondent, v. CLAIRE KESSLER, as Administratrix of the Estate of BARNETT KESSLER, Deceased, Defendant, and J. GORDON RUBIN, Appellant.— The complaint contains two causes of action. In the first cause, plaintiff alleges that he employed defendants to do certain dental work in December, 1951; that they informed him on May 6, 1952, that the work for which they had been hired was completed; that, during the course of the work, defendants were negligent in that they permitted part of a drill to become imbedded in one of plaintiff's teeth; that on April 15, 1954, he returned to them, informed them of their negligence, but they refused to render any treatment to plaintiff to heal the condition which they had caused. In the second cause of action plaintiff sought to allege what he claims is a cause of action for breach of contract, but which defendants claim is an action for malpractice. The action was commenced on August 17, 1954. Defendant Rubin (the other defendant died prior to the commencement of the action) moved to dismiss the complaint (Rules Civ. Prac., rule 107, subd. 5) on the ground that both causes of action were barred by the two-year Statute of Limitations (Civ. Prac. Act, § 50, subd. 1). The motion was denied and defendant Rubin appeals. Order reversed, with $10 costs and disbursements, and motion granted, without costs, with leave to plaintiff to serve an amended complaint within ten days from the entry of an order hereon to plead a cause of action for breach of contract. The Statute of Limitations commenced to run no later than the termination of the dentist-patient relationship between the parties on May 6, 1952, despite the fact that plaintiff did not know about the presence of the foreign object which defendants allegedly permitted to remain in plaintiff's mouth. (*Conklin* v. *Draper*, 229 App. Div. 227, affd. 254 N. Y. 620; *De Long* v. *Campbell*, 157 Ohio St. 22.) Plaintiff did not see defendants professionally from May 6, 1952, to April 15, 1954. When plaintiff returned to defendants on April 15, 1954, and demanded treatment, defendants were not required to institute a new professional relationship. In any event, the damages allegedly suffered by plaintiff could not have arisen from defendants' refusal to render services to him on April 15, 1954. In our opinion, the second cause of action is one for malpractice and not for breach of contract. (*Frankel* v. *Wolper*, 181 App. Div. 485, affd. 228 N. Y. 582; *Horowitz* v. *Bogart*, 218 App. Div. 158; *Hurlburt* v. *Gillett*, 96 Misc. 585, affd. 176 App. Div. 893.) Therefore, the two-year Statute of Limitations applies. In view of the fact that plaintiff may plead a proper cause of action for breach of contract, leave to plead over is granted. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.