In the Matter of KENNETH S. STRAYER, Petitioner, against STATE TAX COMMISSION, Respondent.

Third Department, May 11, 1955.

*Joseph Apfel* for petitioner.

*Jacob K. Javits, Attorney-General (Robert W. Bush* and *Henry S. Manley* of counsel), for respondent.

*Charles Hollender* for Chiropractic Association of New York, Inc., *amicus curiæ.*

HALPERN, J.   The question here presented is whether a chiropractor is exempt from the unincorporated business tax imposed by article 16-A of the Tax Law (added by L. 1935, ch. 33) on the ground that he is engaged in the practice of a profession within the meaning of the statute. Section 386 exempts from the tax " the practice of law, medicine, dentistry, architecture " or " any other profession ".

In his application for revision of the tax assessment, the petitioner stated that he was " a licensed massage operator " and chiropractor. The license referred to is a license issued by the City of New York pursuant to the provisions of article 26 of chapter 32 of the Administrative Code of the City of New York, licensing the petitioner " to pursue the occupation of MASSAGE OPERATOR IN THE CITY OF NEW YORK ". There is no provision in any State statute or local law or ordinance for the licensing of chiropractors.

The Attorney-General maintains that, to the extent to which a chiropractor goes beyond the work of physical massage, he engages in the illegal practice of medicine in violation of law and, upon this premise, he argues that those activities of a chiropractor which might be characterized as professional are unlawful and those which are lawful are not professional. An exemption from the unincorporated business tax obviously cannot be

granted if the activities relied upon to characterize the work of the taxpayer as professional are prohibited by the law of the State.

The dividing line between the permissible activities of a chiropractor and the illegal practice of medicine is a difficult one to draw. It has engaged the attention of the courts upon many occasions (*Monahan* v. *Devinny*, 223 App. Div. 547; *People* v. *Dennis*, 271 App. Div. 526; *Wendel* v. *Board of Regents of Univ. of State of N. Y.*, 82 N. Y. S. 2d 83, affd. 275 App. Div. 661; *People ex rel. Bennett* v. *Laman*, 277 N. Y. 368; *People* v. *Maybrook*, 276 App. Div. 192, affd. 301 N. Y. 637; *People* v. *Kightlinger*, 276 App. Div. 230, affd. 301 N. Y. 639; *People* v. *Mulford*, 140 App. Div. 716, affd. 202 N. Y. 624; *People* v. *Johner son*, 49 N. Y. S. 2d 190, and cases cited therein).

We do not find it necessary to attempt to draw the dividing line in deciding this case. When the Legislature enacted the unincorporated business tax law and granted the exemption therefrom to the enumerated professions and " any other profession " (Tax Law, § 386), it must be deemed to have done so in the light of a long legislative history of the repeated rejection of bills seeking to give professional status to chiropractors in this State. Several such bills had been introduced in the Legislature in the years preceding the enactment of the unincorporated business tax law. See, for example, bills introduced in the years 1927 to 1933 (Sen. Int. No. 1457, Pr. No. 1688, 1927 Sess.; Assem. Int. No. 1730, Pr. No. 1981, 1928 Sess.; Assem. Int. No. 1384, Pr. No. 1930, 1929 Sess.; Sen. Int. No. 625, Pr. No. 658, 1930 Sess.; Sen. Int. No. 361, Pr. No. 1839, 1931 Sess.; Sen. Int. No. 1708, Pr. No. 1943, 1933 Sess.). None of these bills was enacted into law. We may therefore assume that when the Legislature in 1935 adopted article 16-A and the professional exemption therein contained, it did not intend that chiropractors should be embraced within the exemption provision.

Chiropractors have, since 1935, continued to seek legislative recognition without success (see, for example, Sen. Int. No. 778, Pr. No. 3240, 1955 Sess.).

Chiropractors have won recognition in a majority of the States; the professional character of their services has also been recognized in Congressional legislation and in the rulings of Federal administrative agencies, but the interpretation of the New York statute is necessarily controlled by the New York legislative history.

In the light of that history, the judicial branch of government may not properly undertake to grant professional status to

chiropractors by the backdoor by means of the interpretation of the exemption provision of a tax statute.

The hotly debated question of whether chiropractors should be given professional status is a question which must ultimately be resolved by the Legislature. If and when the Legislature recognizes chiropractic as a profession by a statute dealing directly with that subject, chiropractors will be entitled to all the benefits of professional status, including tax exemption under section 386. Under the present state of the law in New York State, it must be held that chiropractic has not yet been recognized as a profession. The rejection of the petitioner's application for exemption must therefore be sustained.

The determination of the State Tax Commission should be confirmed, with $50 costs.

BERGAN, J. P., COON, IMRIE and ZELLER, JJ., concur.

Determination of the State Tax Commission confirmed, with $50 costs.