■ HENRY N. BUDOFF, Appellant, v. CLAIRE KESSLER, as Administratrix of the Estate of BARNETT KESSLER, Deceased, Defendant, and J. GORDON RUBIN, Respondent.— Appeal from an order denying appellant's motion for leave to serve a second amended complaint. In this action by a former patient against the respondent, a dentist, and against the estate of another dentist, the original complaint stated two causes of action, each demanding $10,000 damages. That complaint was dismissed as against respondent on the ground that both causes were barred by the two-year Statute of Limitations applicable to malpractice actions, with leave to plead a proper cause of action for breach of contract (*Budoff* v. *Kessler,* 284 App. Div. 1049). Pursuant to such leave, an amended complaint was served containing one cause of action, purporting to be in contract and demanding $3,100 damages. A defense of the two-year Statute of Limitations applicable to malpractice actions was pleaded in respondent's answer and appellant's motion to strike out such defense was denied. Appellant moved for leave to serve a second amended complaint on the ground that the proposed pleading had expunged the questionable matter and sounded solely in contract. The motion was denied on the ground that the amended complaint sounded in tort, and the appeal is from the order denying such motion. Order reversed, without costs, and motion granted, without costs; the second amended complaint to be served within 10 days after the entry of the order hereon. We do not pass on whether the first amended complaint was based on breach of contract. The proposed second amended complaint contains no allegations as to pain and suffering sustained by the appellant or as to negligence on the part of respondent and defendant and demands damages, limited to $1,400. So far as the Statute of Limitations is concerned, the proposed second amended complaint is based on breach of contract and does not seek to recover damages for malpractice (*Conklin* v. *Draper,* 229 App. Div. 227, affd. 254 N. Y. 620; cf. *Hurlburt* v. *Gillett,* 96 Misc. 585, affd. 176 App. Div. 893; *Horowitz* v. *Bogart,* 218 App. Div.

158). Appellant has stated that he will prepare the necessary papers to effectuate a transfer of this action to the Municipal Court if this motion is granted. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ. concur.