Murray T. Feidee, J.
Defendant moves to dismiss the complaint on the ground that the causes of action stated therein did not accrue within the time limited by law. The sole question before the court is whether the actions set forth are for breach of contract or for malpractice. If they are the latter, then it is conceded that the motion should be granted.
The first cause of action alleges that the plaintiff contracted with the defendant, a physician and surgeon, “ to treat, care for and deliver the child with whom the plaintiff, margot hertgee, was pregnant including pre-natal and post-natal care, all to be done in a professional and skillful manner ”; that defendant was paid a consideration therefor; that defendant delivered the child and performed the surgical repair of a natural tear of the perineum; that this was done without the knowledge or consent of the plaintiff; that a surgical needle became and was permitted to remain in the general area of the vulva; that defendant failed to perform the conditions of the contract in that he permitted the needle to remain upon the body of the plaintiff; that the latter sustained by reason thereof $5,000 damages.
Plaintiff asserts that since she does not allege pain and suffering or negligence on the part of the defendant, the action is one for breach of contract and not for malpractice. Although this is a test to determine whether the action is ex contractu rather than ex delicto (see Conklin v. Draper, 229 App. Div. 227, affd. 254 N. Y. 620; Hurlburt v. Gillett, 96 Misc. 585, affd. on opinion below 176 App. Div. 893; Budoff v. Kessler, 2 A D 2d 760; *398 Robins v. Finestone, 308 N. Y. 543), “ the nature of the charge of malpractice is not changed by failing to sufficiently state it in necessary detail or by putting it in language suitable to a statement of a cause of action on contract, omitting to show allegations as to absence of skill and negligence ” (Horowitz v. Bogart, 218 App. Div. 158).
In Carr v. Lipshie (8 A D 2d 330, 332), the court said: ‘1 Actions for breach of contract have been sustained where a specific result is guaranteed by the terms of the agreement, but not where the contracting party either expressly or impliedly promises to perform services of the standard generally followed in the profession or promises to use due care in the performance of the services to be rendered. The pleading herein does not allege a promise to accomplish a definite result as, for example in Robins v. Finestone (308 N. Y. 543). It merely states that the defendants would perform the services with due care and in accordance with the recognized and accepted practices of the profession.”
Giving the pleading herein the fairest intendment, it would appear that the delivery of the child was the sole definite result promised to be accomplished. Nowhere in the complaint is there a showing that the defendant’s endeavors did not bring forth a fulfillment of this result. At the most the wrong complained of is tortious and nothing else.
Furthermore, the demand by plaintiff for unliquidated damages is not suited to an action for breach of contract. Damages that are recoverable for a breach are sums paid to the defendant, expenditures necessitated for nurses and medicines, and those other damages which naturally flow from the breach of the contract (Horowitz v. Bogart, 218 App. Div. 158, supra; Colvin v. Smith, 276 App. Div. 9; Safian v. Aetna Life Ins. Co., 260 App. Div. 765, affd. 286 N. Y. 649; Robins v. Finestone, 308 N. Y. 543, supra). The damages demanded herein “help to characterize the complaint as one for malpractice and negligence ” (Frankel v. Wolper, 181 App. Div. 485, 488, affd. 228 N. Y. 582).
The second cause of action, repeating the allegations of the first cause, seeks to recover upon a breach of defendant’s warranty that the delivery of the child would be performed in a professional and skillful manner. This action, however labeled, is, as in the first cause of action, one to recover damages for malpractice, at least for time limitation purposes (Golia v. Health Ins. Plcm of Greater N. Y., 6 A D 2d 884, affd. 7 N Y 2d 931; Gautieri v. New Rochelle Hosp. Assn., 4 A D 2d 874, affd. 5 N Y 2d 952).
*399 The third cause of action being one by plaintiff’s husband to recover for the loss of her services, the time limitation for the husband to bring his suit is measured by the time limitation applied to the wife’s suit (Maxson v. Delaware, Lackawanna & Western R. R. Co., 112 N. Y. 559).
The motion is accordingly granted with leave to plaintiffs, at their election, to amend the complaint within 20 days after the service of the order to be entered herein with notice of entry thereof.