OPINION OF THE COURT
Rudolph U. Johnson, J.
Defendant herein seeks an order pursuant to CPLR 3211 (subd [a], par 3) dismissing the plaintiff’s complaint upon the grounds that plaintiff has no legal capacity to sue.
Harold P. Bulan, as trustee in bankruptcy for William Gunn, seeks a denial of defendant’s motion and alternate *945 relief of an order substituting himself as said trustee of plaintiff in the above-captioned action and allowing continuation of said action.
The plaintiff herein initiated a claim against the defendant for damages allegedly occurring as a result of defendant’s failure to complete the incorporation of Gunn Metal Sales, Inc., as defendant had contracted to do in November, 1973. The defendant is an attorney. As a consequence, plaintiff claims he was unable to afford himself the protection of the corporate shield in his business activities and was ultimately required to file a personal petition in bankruptcy.
Subsequent to being adjudicated a bankrupt, plaintiff commenced the suit herein, which claim was not, however, listed as an asset in plaintiff’s bankruptcy petition.
The applicable statutes read as follows (US Code, tit 11, § 110, subd [a], pars [5], [6]; Bankruptcy Act, § 70, subd [a], pars [5], [6]): "The trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title * * * to all of the following kinds of property * * * (5) property, including rights of action which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him or otherwise seized, impounded or sequestered: Provided, That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration or other judicial process * * * (6) rights of action arising upon contracts or usury, or the unlawful taking or detention of or injury to his property”. Section 13-101 of the General Obligations Law states:
"Any claim or demand can be transferred, except in one of the following cases:
"1. Where it is to recover damages for a personal injury;
"2. Where it is founded upon a grant, which is made void by a statute of the state; or upon a claim to or interest in real property, a grant of which, by the transferrer, would be void by such a statute;
"3. Where a transfer thereof is expressly forbidden by *946 statute of the state or of the United States, or would contravene public policy.”
It is argued by defendant that the plaintiffs claim is one based on a breach of contract through the defendant’s alleged malpractice; that, therefore, plaintiffs cause of action arose in early 1974 and prior to the plaintiffs filing a bankruptcy petition in January, 1976; and that title to plaintiffs claim vested solely in the bankruptcy trustee. Accordingly, defendant concludes that plaintiff is not the real party in interest, has no standing to sue, and his cause of action should be dismissed.
The bankruptcy trustee argues that defendant’s motion is erroneously made; that, pursuant to section 13-101 of the General Obligations Law, as trustee he accedes to all causes of action of the bankrupt that are transferable; and that he ought now be substituted as in place and stead of the plaintiff and be allowed to continue the action herein.
The plaintiff, on the other hand, maintains that his cause of action did not accrue until after he filed his petition in bankruptcy because only then did the injuries and damage occur. As his cause of action had not yet "ripened”, plaintiff argues it was not a transferable action within the context of section 70 (subd [a], par [5]) of the Bankruptcy Act (US Code, tit 11, § 110, subd [a], par [5]) and could not, therefore, vest in the bankruptcy trustee.
Additionally, plaintiff notes that subdivision (a) of section 70 of the Bankruptcy Act (US Code, tit 11, § 110, subd [a]) provides that, in the instance of injury to the person, relevant State law is determinative of whether or hot a cause of action passes to a trustee in bankruptcy. Plaintiff, therefore, contends that, inasmuch as his claim is for loss of business standing, injury to reputation, and humiliation, it is a "uniquely personal” cause of action and is exempt from transfer pursuant to subdivision 1 of section 13-101 of the General Obligations Law.
Lastly, plaintiff argues that, even if his malpractice claim has vested in the trustee in bankruptcy, the trustee by his inaction has abandoned his right to pursue the claim, thereby causing the claim to revert to the plaintiff.
Preliminarily, this court must make certain observations, namely, that, when title to a bankrupt’s rights of action is under consideration, both paragraphs (5) and (6) of subdivi *947 sion (a) of section 70 of the Bankruptcy Act (US Code, tit 11, § 110, subd [a], pars [5], [6]) must be considered together. (Tamm v Ford Motor Co., 80 F2d 723; Chandler v Nathans, 6 F2d 725; Gochenour v George & Francis Ball Foundation, 35 F Supp 508, affd 117 F2d 259, cert den 313 US 566.) However, the actual determination of ownership of property interest, as here a right of action, and whether that interest is transferable, is made in accord with relevant State law wherein that property is situated. (Arnold v Phillips, 117 F2d 497, cert den 313 US 583; Matter of Fahys, 18 F Supp 529; Richardson v Brainard-Powers Corp., 260 App Div 836.)
Plaintiff’s suit is founded on an implied contract of hire between a lawyer and his client, which said contract calls for a specific result, that is, the incorporation of plaintiff’s business. Within a certain period of time after this contractual arrangement, the defendant breached his contract with plaintiff when he failed to diligently perform and incorporate the plaintiff’s business.
In deciding the issues as raised by the plaintiff, we find no authority to support plaintiff’s contention that his cause of action did not accrue until the moment of establishing damages, i.e., filing the bankruptcy petition. As stated in Capucci v Barone (266 Mass 578) quoted as authority in Conklin v Draper (229 App Div 227, 230, affd 254 NY 620): "When did the cause of action accrue? The defendant as a surgeon, on May 11, 1924, impliedly undertook to use care in the operation which he was about to perform. Any act of misconduct or negligence on his part in the service undertaken was a breach of his contract, which gave rise to a right of action in contract or tort, and the statutory period began to run at that time, and not when the actual damage results or is ascertained, as the plaintiff contends. The damage sustained by the wrong done is not the cause of action”.
In the case at hand, the plaintiff’s cause of action accrued at a time subsequent to the contractual arrangement when, within a reasonable time, defendant should have completed the incorporation of plaintiff’s business. (Eppen, Smith & Wiemann Co. v Littlejohn, 164 NY 187; Maier v Rebstock, 92 App Div 587; 10 NY Jur, Contracts, § 262.)
The gravamen of plaintiff’s action can, however, be found by looking to the basis for which damages are sought. The question, therefore, is not whether the action is in contract or ex delicto, but whether plaintiff’s complaint, on the *948 facts alleged, states a cause of action for personal injuries and/or for injuries to property.
In many malpractice cases there may be two independent causes of action, that is, breach of contract and negligence constituting a tort. As pointed out by the court in Colvin v Smith (276 App Div 9, 10): "A doctor and his patient are at liberty to contract for a particular result, and if that result be not attained, the plaintiff has a cause of action for breach of contract. (Keating v. Perkins, 250 App. Div. 9). This cause of action is entirely separate from malpractice, even though they both, as here, may arise out of the same transaction. (Conklin v. Draper, 229 App. Div. 227, affd. 254 N. Y. 620; Monahan v. Devinny, 223 App. Div. 547; Frankel v. Wolper, 181 App. Div. 485.) The two causes of action are dissimilar as to theory, proof and damages recoverable. Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon a failure to perform a special agreement. Negligence, the basis of the one, is foreign to the other. The damages recoverable in malpractice are for personal injuries, including the pain and suffering which naturally flow from the tortious act. In the contract action, they are restricted to the payments made and to the expenditures for nurses and medicines or other damages that flow from the breach thereof.”
While inartfully drawn, the plaintiff’s complaint appears to frame separate claims on each of the afore-mentioned grounds which are sufficiently specific to be cognizable causes of action. The court is, therefore, compelled under the rules granting liberal construction to pleadings to find that plaintiff has stated a cause of action based on both negligent malpractice and implied contract seeking compensatory damages. (Dulberg v Mack, 1 NY2d 54; Cohn v Lionel Corp., 21 NY2d 559.)
Whether plaintiff will be able to offer adequate evidence to support his allegations is not for this court’s consideration at the pleadings stage. (Dulberg v Mack, 1 NY2d 54, 57, supra.)
Turning for a moment to defendant’s contention that an abuse of the attorney-client relationship is transferable to the trustee in bankruptcy and that, therefore, plaintiff has no right to bring suit, the court believes that defendant’s reliance on Matter of Decker (295 F Supp 501) is misapplied. It is neither compelling New York case authority nor does it address the kind of attorney-client relationship which is be *949 fore us. (There, an abuse of influence and inside information— here, malpractice in performance of service.)
However, in light of plaintiffs dual attack, this court does conclude that the trustee ought to accede to that part of plaintiff’s cause of action which is based on breach of implied contract, leaving plaintiff to continue the remaining cause of action based on negligent malpractice which is limited to seeking purely personal damages. That a trustee in bankruptcy may be substituted as party plaintiff to pursue a proper asset of the bankrupt is undisputed. See Meyer v Fleming (327 US 161, 167-168) where the court stated: "The claim sought to be enforced in a derivative suit may be an important asset of the estate. It might be lost to the estate through the operation of statutes of limitations, if the trustee or receiver were required to start anew. As in case of ordinary suits to enforce corporate claims, he should be allowed a choice to let the suit continue under the stockholders’ auspices; to intervene in it; to start a new suit; or, in case he deems it more provident from the point of view of the estate to make a settlement of the claim or to reserve it for the reorganized company, to cause it to be abated * * * The point is that the trustee or receiver, being in a position to take control of the litigation by reason of the fact that the cause of action has become a part of the estate, should have the opportunity to make the choice which is most advantageous to the estate.” See, also, Johnson v Collier (222 US 538, 540) where the court pointed out: "Nor is there any merit in the suggestion that this might involve a liability to pay both the bankrupt and the trustee. The defendant in any such suit can, by order of the bankrupt court, be amply protected against any danger of being made to pay twice. Rand v. Iowa Central R. Co., 186 N. Y. 58; Southern Express Co. v. Connor, 49 Georgia 415.”
Lastly, we cannot agree that the trustee has by his inaction abandoned plaintiff’s claim. Plaintiff argues in his submitted memorandum that the trustee was on early notice of the existence of plaintiff’s claim through letters forwarded to him. However, any letters or other notice to the trustee are not contained in plaintiff’s supporting papers and cannot, therefore, be considered.
It is axiomatic that the trustee could not be said to have abandoned a possible claim if the claim was not listed as an *950 asset in the bankrupt’s estate or the trustee was not otherwise advised of the existence of the claim.
As the court found in Grauman v City of New York (113 F Supp 437, 438): "In filing his schedules, the bankrupt failed to list the causes of actions upon which he now sues the defendants. Nor, so far as appears has he ever informed his trustee of the existence of the claims here asserted. His creditors, apparently, have fallen far short of receiving the face value of their respective claims. So far as can be ascertained, neither the bankrupt’s trustee, nor his creditors, have any knowledge of the right of recovery to which this court is requested to give attention. The right, concerning which Barker here sues, is one which, in the ordinary course of events, would have passed to his trustee in bankruptcy. Such trustee, having had no notice of the existence of the claims on which Barker’s claims are predicated, cannot rightfully be said to have abandoned the same. In the absence of evidence that the bankrupt’s trustee is not desirous of litigating the issues which Barker tenders to the defendant, I see no reason why he should be permitted to prosecute them. If the claims have merit, it seems to me that Barker’s duty is to inform his trustee of their existence, and to permit him, rather than himself, to reduce them to possession.” (See, also, Moore v Slonim, 426 F Supp 524; First National Bank v Lasater, 196 US 115.)
It is similarly clear that substitution of the trustee is an appropriate remedy. See SNR Holdings v Ataka Amer. (54 AD2d 406, 409) wherein the court stated: "Our law provides that if a receiver is appointed for a party, the court shall order substitution of the proper parties (CPLR 1017). For the purpose of applying the section here, no difference exists between a receiver and a trustee in bankruptcy. Generally, a trustee at his election may be substituted as plaintiff for he represents the interests of the bankrupt and should be free to adopt a course most advantageous to the estate. (Meyer v Fleming, 327 US 161, 168.)”
For the reasons mentioned, the defendant’s motion for dismissal of plaintiff’s complaint is denied.
Petitioner’s request for substitution as trustee in bankruptcy is granted to that part of plaintiff’s complaint which states a cause of action for breach of contract seeking compensatory damages. Petitioner shall be added as an additional party plaintiff and both petitioner and first-party plaintiff, *951 William Gunn, shall be allowed to continue their respective suits.